(No. 5456—

GULF OIL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1968.*

GULF OIL CORPORATION, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Gulf Oil Corporation, filed its complaint in the Court of Claims on January 19, 1968, in which it seeks the sum of $63.30 for materials furnished to the

Department of Public Works and Buildings, Division of Highways.

A Departmental Report was filed, which stated in part:

"During the month of February, 1967, Gulf Oil Corporation supplied lubricating oils to the State of Illinois, Department of Public Works and Buildings, Division of Highways, at the Division's request. The material had been contracted for by persons properly authorized, and it was received in good condition.

"The only reason that the bill of Gulf Oil Corporation in the amount of $63.30 cannot now be paid is that the appropriation therefor has lapsed."

Subsequently a written stipulation was entered into by claimant and respondent as follows:

"The report of the Department of Public Works and Buildings, dated February 9, 1968, (a copy of which is attached hereto, marked exhibit A and, by this reference, incorporated herein, and made a part hereof) shall be admitted into evidence in this proceeding without objection by either party.

"No other oral or written evidence will be introduced by either party.

"The Commissioner to which this case has been assigned and the Court may make and file their reports, recommendations, orders and decisions based upon the pleadings heretofore filed and the evidence herein stipulated.

"Neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $63.30.

"Neither party desires to file briefs in this proceeding.

"Both parties waive notice of any hearing, and agree that the aforesaid order may be entered without either party being present."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have

been paid had lapsed, it would enter an award for the amount due. *St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, an Illinois Corporation,* vs. *State of Illinois,* Case No. 5261, opinion filed February 24, 1966. It appears that all qualifications for an award have been met in the instant case.

Claimant, Gulf Oil Corporation, is, therefore, hereby awarded the sum of $63.30.